

**Martin Dolan, OSB No. 87205**
martindolan@dolangriggs.com
**Alycia H. Bleeker, OSB No. 06374**
alycia@dolangriggs.com
Dolan Griggs LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
Telephone: (503) 228-7500
Fax: (503) 243-1188

FILED'08 OCT 9 11:31USDC-ORP

Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAREN HAGUEWOOD**, | Case No. CV'08-1186- SU |
| Plaintiff, | **COMPLAINT** |
| v. | (Gender discrimination, 42 U.S.C. §2000 *et seq*; Gender discrimination, ORS §659A.030; Retaliation for reporting gender discrimination, 42 U.S.C. §2000 *et seq*; Retaliation for reporting gender discrimination, ORS §659A.030; Interference with pension benefits, 29 U.S.C. §1140; Retaliation for seeking wages due, ORS §652.355; Retaliation for initiating a criminal proceeding, ORS §659A.230; Wrongful discharge - retaliation for seeking medical leave; Wrongful discharge - retaliation for reporting criminal activity) |
| **COLUMBIA BASIN ELECTRIC COOPERATIVE, INC., an Oregon cooperative**, | |
| Defendants. | |
| | **JURY TRIAL REQUESTED** |

## NATURE OF THE ACTION

1.

This is, in part, an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq*, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140, to vindicate plaintiff's rights to enjoy all benefits, privileges, terms and conditions of her employment without regard to her gender, to be free from retaliation for reporting gender discrimination, to be free from interference with the attainment of her pension benefits, and to

Page 1 -   COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

#23416

make plaintiff whole.

2.

This is also an action for violations of Oregon law pursuant to the Court's supplemental jurisdiction.

## JURISDICTION AND VENUE

3.

This Court has original jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq*, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140 *et seq* .

4.

The Court has jurisdiction over plaintiff's state law claims set forth in this complaint under 28 U.S.C. § 1367 pursuant to its supplemental jurisdiction to hear related state law claims. The state claims alleged herein arise from a common nucleus of operative fact, are related to the federal claims such that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

5.

The unlawful conduct alleged herein was committed in the District of Oregon.

## PARTIES

6.

Karen Haguewood ("plaintiff") is a resident of Ione, Oregon. Plaintiff worked for defendant in Heppner, Morrow County, Oregon. Plaintiff is female and at all times was qualified for her position.

7.

Columbia Basin Electric Cooperative, Inc., ("defendant") is registered to do business in

Page 2 -   COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

Oregon. Defendant is in the business of providing electric utility services. Defendant's business affects commerce and at all material times it employed more than 15 people.

## FACTS

8.

Plaintiff, a female, began working for defendant on March 25, 1975. The last position she held with defendant was accounting supervisor.

9.

In early March 2007, plaintiff was informed by her supervisor, Jerry Healy, that some employees would be getting paid extra for their "on-call" days. The employees to receive this extra compensation were Mr. Healy, Slater Mitchell, and Tom Wolff.

10.

Plaintiff spoke with Mr. Healy regarding her concerns that only male staff were getting this extra compensation. She informed him that she also was "on-call" at certain times every month for payroll, accounts payable, and general ledger issues. She felt that she was just as qualified to receive the extra compensation as the men were and that she wanted the compensation as well.

11.

Plaintiff did not feel that her gender-discriminatory pay concerns were properly addressed by Mr. Healy so she wrote a letter to defendant's Employee Relations Committee on or around September 6, 2007. Plaintiff received a response from Board President, Lori Anderson, requesting a "detailed written statement describing the matters that concern" plaintiff.

12.

On or around September 24, 2007 plaintiff provided Ms. Anderson with a detailed summary of plaintiff's concerns about gender discrimination. On or around September 27, 2007, plaintiff received a response simply stating that "this matter is more appropriately handled by Co-

Page 3 -     COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

op Management."

13.

Plaintiff was disappointed in Ms. Anderson's response. On or around October 17, 2007 plaintiff wrote a letter to Ms. Anderson expressing such. Plaintiff also told her that plaintiff felt the "Co-op Management" had several conflicts of interest in handling this matter and that management had a pattern of unethical behavior.

14.

Plaintiff received a response to her letter from Ms. Anderson, which stated again that plaintiff's concerns were "management issues."

15.

Finally, plaintiff wrote a letter directly to defendant's Board of Directors on or around November 29, 2007 stating that Ms. Anderson was not permitting plaintiff to address the Employee Relations Committee. Plaintiff also noted that she thought consumer-members would be interested in knowing how defendant was spending their money.

16.

In response, the Board of Directors hired a Portland attorney to investigate plaintiff's complaints of discriminatory pay practices based on gender. Plaintiff wrote a letter to the attorney on or around January 25, 2008 explaining the discriminatory practices. Plaintiff also told the attorney that she thought men in the office were receiving monetary perks besides just increased pay, such as reimbursement for home telephone lines and an ability to take paid time off without using paid time off days.

17.

Plaintiff also mentioned in her letter to the investigative attorney that plaintiff thought Mr. Healy was giving preferential rates and treatment to the Port of Morrow and its board members because he was on their Board of Commissioners.

Page 4 -    COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

18.

The investigation sided with defendant and found that no discriminatory practices were occurring. Plaintiff felt the investigation was flawed and told Mr. Healy such.

19.

On or around July 10, 2008, Mr. Healy told plaintiff that all employees would have to begin accepting their paychecks via direct deposit into their personal bank accounts. When the idea was previously raised, plaintiff told management that she would not want to participate in order to protect her private banking information.

20.

On or around July 14, 2008, plaintiff spoke with Mr. Healy again and told him that she would not be participating in the direct deposit program. In response, Mr. Healy said that plaintiff's check would be mailed out on payday and that she would not receive her paycheck until it came through the mail. Plaintiff asked him why he would not just continue to have her checks hand-delivered since the check would be in the office on payday. He responded by saying it was because he could.

21.

On or around July 15, 2008, plaintiff told Mr. Healy that she thought his decision regarding the paycheck delivery was retaliatory. Plaintiff then handed Mr. Healy a paid time off slip for the rest of the day.

22.

On or around July 18, 2008, plaintiff came to defendant's office and provided a four day paid time off slip, as required by office policy, and indicated that she was requesting indefinite sick leave. Plaintiff provided a note from her doctor at that time, which stated that she would need time off work indefinitely for medical reasons.

///

Page 5 -      COMPLAINT

23.

Early in the week of July 21, plaintiff called Tom Wolff and asked him to mail her a copy of the signed leave slip for her records. He did send plaintiff the slip, but it was not signed by her supervisor. Around that same day, one of defendant's employee told plaintiff that for security reasons all the passwords on the computers had been changed.

24.

Plaintiff went into defendant's office on or around July 25, 2008 to give Mr. Wolff her keys so that she would not be responsible for them while on leave. At that time, plaintiff also reduced her personal 401(k) contribution amount so that she would not be contributing as much while she was on leave.

25.

On or around July 26, 2008, plaintiff saw Mr. Wolff at the Heppner Elks Club. She asked him why he sent her an unsigned leave slip and he said it was because Mr. Healy refused to sign it. However, Mr. Wolff also said that he had seen a signed version of the slip in the office and that he would find it and send plaintiff a copy.

26.

On or around July 31, 2008, plaintiff went into the office to the get the signed copy of the leave slip. Mr. Wolff said she would need to talk with Mr. Healy. Mr. Healy then told plaintiff that she had resigned when she turned in her keys. Plaintiff told him that she turned in her keys for security purposes and that she did not resign. Mr. Healy said that defendant would pay for plaintiff's paid time off accrued and her insurance through August. Plaintiff then left the office.

27.

On plaintiff's way home, she called Mr. Healy and asked him to put everything they had just talked about in a letter.

28.

Page 6 -     COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

On or around August 2, 2008, plaintiff received the letter stating that she had decided to resign. Mr. Healy made note in the termination letter of the following issues: plaintiff's gender discrimination complaint, plaintiff's unhappiness with the decision regarding her other complaints, and plaintiff's belief that Mr. Healy was retaliating against her with regards to the payroll, direct deposit issue.

29.

At the time of plaintiff's termination, she had been employed by defendant for over thirty-three (33) years and had only two (2) years until she could retire and collect full retirement benefits. Plaintiff had every intention of continuing her employment with defendant for those two remaining years.

## PLAINTIFF'S FIRST CLAIM AGAINST DEFENDANT

### (Gender discrimination, 42 U.S.C. §2000 *et seq*)

30.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

31.

Defendant discriminated against plaintiff in the terms and conditions of her employment because of her sex by subjecting plaintiff to disparate wages and benefits.

32.

As a direct result of defendant's unlawful actions, plaintiff suffered economic damages by being under-compensated for her work performed while "on-call," not receiving the same paid time off benefits as other male employees, and not receiving phone reimbursement like other male employees in an amount to be proven at trial, pursuant to 42 U.S.C. §2000e-5(g).

33.

As a direct result of defendant's unlawful actions, plaintiff suffered emotional distress and seeks non-economic damages pursuant to 42 USC §1981a(a)(1), in an amount to be proven

Page 7 -    COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

at trial, but which is alleged to be not less than $50,000.

34.

Defendant acted with malice or reckless indifference to the rights of plaintiff to be free from gender discrimination. Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. § 1981a(a)(1), in an amount to be proven at trial, but which is alleged to be not less than $50,000.

35.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment, and reasonable attorney fees incurred herein pursuant to 42 USC §2000e-5(k).

## PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANT
### (Gender discrimination, ORS §659A.030)

36.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

37.

Defendant discriminated against plaintiff in the terms and conditions of her employment because of her sex by subjecting plaintiff to disparate wages and benefits.

38.

Defendant's discriminatory treatment of plaintiff in the terms and conditions of her employment are an unlawful employment practice under ORS 659A.030.

39.

As a direct result of defendant's unlawful actions, plaintiff suffered economic damages by being under-compensated for her work performed while "on-call," not receiving the same paid time off benefits as other male employees, and not receiving phone reimbursement like other male employees in an amount to be proven at trial, pursuant to ORS 659A.885.

///

///

Page 8 -      COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

40.

As a result of defendant's unlawful discrimination, plaintiff has suffered emotional distress and is entitled to compensatory damages in an amount to be proven at trial, but which amount is alleged to be not less than $300,000, pursuant to ORS 659A.885.

41.

Defendant acted with malice or reckless indifference to the rights of plaintiff to be free from gender discrimination. Plaintiff is entitled to punitive damages pursuant to ORS 659A.885, in an amount to be proven at trial, but which is alleged to be not less than $300,000.

42.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment interest in the amount of 9% per annum, and reasonable attorney fees incurred herein pursuant to ORS 659A.885(1).

## PLAINTIFF'S THIRD CLAIM AGAINST DEFENDANT

### (Retaliation for reporting gender discrimination, 42 U.S.C. §2000 *et seq*)

43.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

44.

A substantial reason that defendant terminated plaintiff's employment was because she reported and opposed what she reasonably and in good faith believed to be gender discrimination by defendant. This is an unlawful employment practice under 42 U.S.C. § 2000e.

45.

As a direct result of defendant's actions, plaintiff suffered economic damages of lost wages, and is entitled to recover such lost wages, including back and front pay (in lieu of reinstatement), pursuant to 42 U.S.C. § 2000e-5(g)(1), in an amount to be proven at trial.

///

Page 9 -    COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

46.

As a direct result of defendant's actions, plaintiff has suffered emotional distress and seeks non-economic damages pursuant to 42 U.S.C. § 1981a(a)(1), in an amount to be proven at trial, but which is alleged to be not less than $50,000.

47.

Defendant acted with malice or reckless indifference to the rights of plaintiff to be free from retaliation for reporting what she reasonably and in good faith believed to be gender discrimination. Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. § 1981a(a)(1), in an amount to be proven at trial, but which is alleged to be not less than $50,000.

48.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment interest, and reasonable attorney fees incurred herein pursuant to 42 U.S.C. §2000e-5(k).

## **PLAINTIFF'S FOURTH CLAIM AGAINST DEFENDANT**
### **(Retaliation for reporting gender discrimination, ORS §659A.030)**

49.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

50.

A substantial reason that defendant terminated plaintiff's employment was because she reported and opposed what she reasonably and in good faith believed to be gender discrimination by defendant. This is an unlawful employment practice under ORS 659A.030(1)(a)-(b).

51.

As a direct result of defendant's unlawful actions, plaintiff suffered lost wages in an amount to be proven at trial, and is entitled to back and front pay (in lieu of reinstatement) pursuant to ORS 659A.885(1).

///

Page 10 -    COMPLAINT

52.

As a result of defendant's unlawful discrimination, plaintiff has suffered emotional distress and is entitled to compensatory damages in an amount to be proven at trial, but which amount is alleged to be not less than $300,000, pursuant to ORS 659A.885.

53.

Defendant acted with malice or reckless indifference to the rights of plaintiff to be free from gender discrimination. Plaintiff is entitled to punitive damages pursuant to ORS 659A.885, in an amount to be proven at trial, but which is alleged to be not less than $300,000.

54.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment interest in the amount of 9% per annum, and reasonable attorney fees incurred herein pursuant to ORS 659A.885(1).

## PLAINTIFF'S FIFTH CLAIM AGAINST DEFENDANT
### (Interference with pension benefits, 29 U.S.C. §1140)

55.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

56.

Plaintiff was a participant in defendant's retirement benefits program and had rights to receive full payments from such in 2010, upon her retirement.

57.

Defendant terminated plaintiff's employment with the intended purpose of interfering with her attainment of retirement benefits, which is an unlawful employment practice under 29 U.S.C. §1140.

58.

As a direct result of defendant's unlawful actions, plaintiff suffered lost wages in an

Page 11 -    COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

amount to be proven at trial, and is entitled to equitable relief in the form of back and front pay (in lieu of reinstatement) pursuant to 29 U.S.C. §1132(a)(3).

59.

As a direct result of defendant's unlawful actions, plaintiff suffered lost retirement benefits in an amount to be proven at trial, and is entitled to equitable relief in the form of restitution of her retirement benefits pursuant to 29 U.S.C. §1132(a)(3).

60.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment interest in the amount of 9% per annum, and reasonable attorney fees incurred herein pursuant to 29 U.S.C. §1132(a)(3) and (g)(1).

## PLAINTIFF'S SIXTH CLAIM AGAINST DEFENDANT

### (Retaliation for seeking wages due, ORS §652.355)

61.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

62.

Plaintiff requested that she continue to receive her wages on the regularly-scheduled payday, the same day all other employees were to receive their wages. However, Mr. Healy intentionally was going to deliver her paychecks in a manner that would delay their delivery to plaintiff by days after they were due.

63.

Plaintiff also requested that she be paid the wage differential that other male employees received for working "on-call," but she was denied this request.

64.

A substantial factor in defendant's decision to terminate plaintiff's employment was in retaliation for her inquiring about and seeking payment of the "on-call" wage differential and for

Page 12 -   COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

asking that her paychecks be delivered on the date they were due, which constitutes a violation of ORS 652.355(1)(a).

65.

As a direct result of defendant's unlawful actions, plaintiff has suffered lost wages and is entitled to recover the full amount of such in an amount to be proven at trial, pursuant to ORS 652.355(2) and ORS 659A.885(1) and (4).

66.

As a result of defendant's unlawful actions, plaintiff has suffered emotional distress and is entitled to compensatory damages in an amount to be proven at trial, but which amount is alleged to be not less than $300,000, pursuant to ORS 652.355(2) and ORS 659A.885(1) and (4).

67.

Plaintiff is entitled to recover her reasonable attorney's fees and costs, pursuant to ORS 652.355(2) and ORS 659A.885(1).

## **PLAINTIFF'S SEVENTH CLAIM AGAINST DEFENDANT**

**(Retaliation for initiating a criminal proceeding, ORS §659A.230)**

68.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

69.

Plaintiff reasonably believed that Mr. Healy and the Board of Directors for defendant were engaging in criminal activity by giving the Port of Morrow lower utility rates than other customers and by applying different collection policies to Marvin Padberg, a commissioner with the Port of Morrow.

70.

Plaintiff, in good faith, made complaints about this criminal conduct to the attorney hired

Page 13 -   COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

by defendant to investigate plaintiff's complaints of gender discrimination. The attorney was not the criminal actor at issue in plaintiff's complaints.

71.

A substantial factor in defendant's decision to terminate plaintiff's employment was in retaliation for her good faith complaints to defendant's attorney about what she reasonably believed to be criminal conduct on the part of Mr. Healy and defendant's Board of Directors, which constitutes a violation of ORS 659A.230.

72.

As a direct result of defendant's unlawful actions, plaintiff has suffered lost wages and is entitled to recover the full amount of such in an amount to be proven at trial, pursuant to ORS 659A.885.

73.

As a result of defendant's unlawful actions, plaintiff has suffered emotional distress and is entitled to compensatory damages in an amount to be proven at trial, but which amount is alleged to be not less than $300,000, pursuant to ORS 659A.885.

74.

Defendant acted with malice or reckless indifference to the rights of plaintiff to be free from retaliation for reporting what she reasonably believed to be criminal conduct. Plaintiff is entitled to punitive damages pursuant to ORS 659A.885, in an amount to be proven at trial, but which is alleged to be not less than $300,000.

75.

Plaintiff is entitled to recover her reasonable attorney's fees and costs, pursuant to ORS 659A.885(1).

///

Page 14 -   COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

## PLAINTIFF'S EIGHTH CLAIM AGAINST DEFENDANT

### (Wrongful discharge - retaliation for taking medical leave)

76.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

77.

It is the public policy of the State of Oregon and the United States of America to permit employees to take time off from work for their own serious medical condition, as set forth in the Family Medical Leave Act, 29 U.S.C. § 2615 et seq, and the Oregon Family Leave Act, ORS 659A.150 to 659A.186.

78.

Defendant terminated plaintiff's employment when she requested time off from work, with a medical doctor's note supporting such.

79.

Defendant's termination of plaintiff constituted an intentional breach of the public policies favoring an employee's right to seek time off work in order to obtain medical care for a serious medical condition.

80.

Plaintiff does not have an existing adequate remedy at law.

81.

Defendant's wrongful discharge of plaintiff caused plaintiff to suffer economic damages in the form of lost wages in an amount to be proven at trial.

82.

Defendant's wrongful discharge of plaintiff also caused plaintiff to suffer emotional distress for which plaintiff is entitled to non-economic damages in an amount to be determined at

Page 15 -    COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

trial, but which is alleged to be not less that $300,000.

83.

Defendant's discharge of plaintiff was wilful and intentionally in violation of public policy. Therefore, plaintiff requests punitive damages of not less than $300,000.

84.

Plaintiff is entitled to recover interest on the amount of her damages accruing at the rate of 9% *per annum* from the date of her termination until payment.

### PLAINTIFF'S NINTH CLAIM AGAINST DEFENDANT

**(Wrongful discharge - retaliation for reporting criminal activity)**

85.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

86.

It is the public policy of the State of Oregon to permit employees to report in good faith what they reasonably believe to be criminal activity in the form of preferential utility rate setting and preferential treatment of certain utility customers, as set forth in ORS 659A.230, ORS 757.005, ORS 757.310, and ORS 757.990.

87.

Defendant terminated plaintiff's employment because she made a good faith report of what she reasonably believed to be criminal activity to an attorney hired by defendant. Her good faith complaints were about Mr. Healy and defendant's Board of Directors giving preferential utility rates to a certain customer and giving preferential treatment to another utility customer.

///

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

88.

Defendant's termination of plaintiff constituted an intentional breach of the public policies protecting employees from retaliation for reporting in good faith what the employees reasonably believe to be criminal activity.

89.

Plaintiff does not have an existing adequate remedy at law.

90.

Defendant's wrongful discharge of plaintiff caused plaintiff to suffer economic damages in the form of lost wages in an amount to be proven at trial.

91.

Defendant's wrongful discharge of plaintiff also caused plaintiff to suffer emotional distress for which plaintiff is entitled to non-economic damages in an amount to be determined at trial, but which is alleged to be not less that $300,000.

92.

Defendant's discharge of plaintiff was wilful and intentionally in violation of public policy. Therefore, plaintiff requests punitive damages of not less than $300,000.

93.

Plaintiff is entitled to recover interest on the amount of her damages accruing at the rate of 9% *per annum* from the date of her termination until payment.

///

///

Page 17 -   COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

## JURY TRIAL DEMAND

94.

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised in this complaint.

WHEREFORE, plaintiff prays for relief as set forth in her claims, for attorney fees, expert witness fees, costs and disbursements, and pre- and post-judgment interest as applicable, and for such other additional relief in favor of plaintiff as the court deems just and appropriate.

DATED this 8th day of October, 2008.

        DOLAN GRIGGS, LLP

        By: _____
            Martin C. Dolan, OSB No. 87205
            Alycia H. Bleeker, OSB No. 06374
            Of Attorneys for Claimant

        Trial Attorney: Martin C. Dolan, OSB No. 87205
        Dolan Griggs LLP
        1130 S.W. Morrison, Suite 630
        Portland, Oregon 97205
        Telephone: 503-228-7500
        Fax: 503-243-1188
        E-Mail: martindolan@dolangriggs.com

Page 18 -   COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188