IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN HAGUEWOOD,                              Civil No. 08-1186-AA
                                              OPINION AND ORDER
        Plaintiff,

  vs.

COLUMBIA BASIN ELECTRIC
COOPERATIVE, INC., an
Oregon cooperative,

        Defendant.
_____

Martin Dolan
Alycia H. Bleeker
Dolan Griggs LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
    Attorneys for plaintiff

Alan M. Lee
Jennifer N. Warberg
Bullard Smith Jernstedt Wilson
1000 SW Broadway, Suite 1900
Portland, Oregon 97205
    Attorneys for defendant


AIKEN, Judge:

Page 1 - OPINION AND ORDER

Defendant filed a motion for summary judgment asserting that it is entitled to judgment as a matter of law on three of plaintiff's nine claims. Defendant's motion is denied.

## BACKGROUND

Plaintiff, Karen Haguewood, brings her First Amended Complaint against defendant Columbia Basin Electric Cooperation (CBEC) alleging nine claims including gender discrimination, retaliation, interference with pension benefits, and wrongful discharge. Plaintiff was employed by defendant for over 33 years, most recently as an accounting supervisor, and had only two years until she could retire and collect full retirement benefits. Plaintiff alleges that defendant improperly terminated her employment after plaintiff complained about gender discrimination.

Defendant moves for summary judgment on the following claims: retaliation for seeking wages due under Or. Rev. Stat. 652.355 (Claim 6), retaliation for initiating a criminal proceeding under Or. Rev. Stat. 659A.230 (Claim 7), and wrongful discharge in retaliation for reporting criminal activity (Claim 9).

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

Page 2 - OPINION AND ORDER

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. Substantive law on an issue determines the materiality of a fact. <u>T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.</u>, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id.</u> at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>T.W. Electrical</u>, 809 F.2d at 630.

///
///
///

Page 3 - OPINION AND ORDER

DISCUSSION

1. <u>Retaliation for seeking wages (Claim 6)</u>

Or. Rev. Stat. 652.355 states:

(1) An employer may not discharge or in any other manner discriminate against an employee because:
(a) The employee has made a wage claim or discussed, inquired about or consulted an attorney or agency about a wage claim[.]

Plaintiff must provide evidence that she made a wage claim and that CBEC discharged or discriminated against her for bringing that claim. Or. Rev. Stat. 652.355. CBEC argues only that plaintiff fails to bring a wage claim. Pursuant to plaintiff's First Amended Complaint, she alleges that she complained to CBEC that she wanted her owed wages paid on the regularly established payday, not several days later via the United States mail. Defendant's general manager, Jerry Healy, informed plaintiff the company would not pay her on her regularly scheduled payday unless she opted for direct deposit. Plaintiff had previously stated she was not interested in direct deposit and she believed Healy's position regarding payment was retaliatory. Plaintiff also alleges that CBEC owed plaintiff wages based on a pay differential provided only to male employees. In September 2007, plaintiff specifically requested wages owed to her as a result of that allegedly discriminatory pay beginning in March 2007, to the present. Plaintiff alleges that she was owed wages both because she was not going to be paid

Page 4 - OPINION AND ORDER

on time and because she was not paid the wages paid to other male employees. Based on these allegations, and the myriad of disputed facts surrounding this record, plaintiff states a wage claim pursuant to Or. Rev. Stat. 652.355 sufficient to withstand summary judgment.

2. <u>Retaliation for initiating criminal proceeding (Claim 7)</u>

Or. Rev. Stat. states:

> (1) It is an unlawful employment practice for an employer discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported criminal activity by any person[.]

To state a claim of retaliation for reporting criminal activity, plaintiff must show that: (1) she was engaging in a protected activity; (2) she suffered an adverse employment decision; and (3) there was a casual link between the plaintiff's protected activity and the adverse employment decision suffered. <u>Trent v. Valley Elec. Ass'n, Inc.</u>, 41 F.3d 524, 526 (9th Cir. 1994). The defendant argues that plaintiff did not engage in a protected activity. Plaintiff first reported Healy's alleged criminal activity (giving preferential utility rates and treatment to the Port of Morrow and its Board Members because Healy was on their Board of Commissioners) to the President of defendant's Board of Directors via a letter dated October 17, 2007. In that letter, plaintiff mentioned that she may also

contact the Department of Labor or involve an attorney regarding the alleged criminal activity. Plaintiff then sent another letter to the entire Board outlining the same issues. Finally, plaintiff reported Healy's alleged criminal activities to the attorney hired by the Board to investigate plaintiff's allegations. I find that there exists at least a question of fact as to whether plaintiff made a report of criminal activity, in good faith, to the Board and the attorney hired to investigate plaintiff's allegations of criminal activity by Healy.

   3. <u>Wrongful discharge in retaliation for reporting criminal activity (Claim 9)</u>

In order to state a claim for wrongful discharge, there must be a discharge and it must be wrongful. <u>McGanty v. Staudenraus</u>, 321 Or. 532, 551, 901 P.2d 841 (1995). Further, plaintiff must not otherwise have adequate statutory remedies. <u>Holien v. Sears, Roebuck & Co.</u>, 298 Or. 76, 90-91, 689 P.2d 1292 (1984). CBEC argues that plaintiff's discharge was not wrongful because she did not engage in a protected activity and because her discharge was not a result of her protected activity. Defendant also argues that plaintiff has an adequate statutory remedy.

Plaintiff asserts that her discharge was wrongful because she was discharged for fulfilling an important public duty. <u>Babick v. Or. Arena Corp.</u>, 333 Or. 401, 407, 40 P.3d 1059 (2002). Specifically, plaintiff asserts that she "blew the whistle" on

contact the Department of Labor or involve an attorney regarding the alleged criminal activity. Plaintiff then sent another letter to the entire Board outlining the same issues. Finally, plaintiff reported Healy's alleged criminal activities to the attorney hired by the Board to investigate plaintiff's allegations. I find that there exists at least a question of fact as to whether plaintiff made a report of criminal activity, in good faith, to the Board and the attorney hired to investigate plaintiff's allegations of criminal activity by Healy.

   3. <u>Wrongful discharge in retaliation for reporting criminal activity (Claim 9)</u>

In order to state a claim for wrongful discharge, there must be a discharge and it must be wrongful. <u>McGanty v. Staudenraus</u>, 321 Or. 532, 551, 901 P.2d 841 (1995). Further, plaintiff must not otherwise have adequate statutory remedies. <u>Holien v. Sears, Roebuck & Co.</u>, 298 Or. 76, 90-91, 689 P.2d 1292 (1984). CBEC argues that plaintiff's discharge was not wrongful because she did not engage in a protected activity and because her discharge was not a result of her protected activity. Defendant also argues that plaintiff has an adequate statutory remedy.

Plaintiff asserts that her discharge was wrongful because she was discharged for fulfilling an important public duty. <u>Babick v. Or. Arena Corp.</u>, 333 Or. 401, 407, 40 P.3d 1059 (2002). Specifically, plaintiff asserts that she "blew the whistle" on

contact the Department of Labor or involve an attorney regarding the alleged criminal activity. Plaintiff then sent another letter to the entire Board outlining the same issues. Finally, plaintiff reported Healy's alleged criminal activities to the attorney hired by the Board to investigate plaintiff's allegations. I find that there exists at least a question of fact as to whether plaintiff made a report of criminal activity, in good faith, to the Board and the attorney hired to investigate plaintiff's allegations of criminal activity by Healy.

   3. <u>Wrongful discharge in retaliation for reporting criminal activity (Claim 9)</u>

In order to state a claim for wrongful discharge, there must be a discharge and it must be wrongful. <u>McGanty v. Staudenraus</u>, 321 Or. 532, 551, 901 P.2d 841 (1995). Further, plaintiff must not otherwise have adequate statutory remedies. <u>Holien v. Sears, Roebuck & Co.</u>, 298 Or. 76, 90-91, 689 P.2d 1292 (1984). CBEC argues that plaintiff's discharge was not wrongful because she did not engage in a protected activity and because her discharge was not a result of her protected activity. Defendant also argues that plaintiff has an adequate statutory remedy.

Plaintiff asserts that her discharge was wrongful because she was discharged for fulfilling an important public duty. <u>Babick v. Or. Arena Corp.</u>, 333 Or. 401, 407, 40 P.3d 1059 (2002). Specifically, plaintiff asserts that she "blew the whistle" on

Healy and/or CBEC by reporting criminal activity, which is specifically encouraged by Or. Rev. State. 659A.230. Plaintiff also argues that her actions of reporting to the CBEC Board and to the investigating lawyer what she believed to be discriminatory rate setting and preferential treatment by Healy and/or the CBEC Board "enjoy high social value." Holien, 298 Or. at 85-86. Finally, plaintiff argues that for purposes of her wrongful discharge claims, Or. Rev. Stat. 659A.230 created a job-related right protecting her from retaliation for initiating or aiding in a civil or criminal proceeding against CBEC.

Based on the record before this court, I find genuine issues of disputed material fact that prevent the entry of summary judgment on plaintiff's claim for wrongful discharge in retaliation for reporting criminal activity.

Regarding defendant's assertion that plaintiff's wrongful discharge claim is barred by Or. Rev. Stat. 659A.230, I disagree. The controlling rule in Oregon is that a statute cannot be considered an adequate statutory remedy when the legislature has expressed its intention that it is nonexclusive. Nash v. Resources, Inc., 1997 WL 594472 (D. Or. Apr. 2, 1997)(internal citations omitted). Or. Rev. Stat. 659A.230(3) states that: "[t]he remedies provided by this chapter are in addition to any common law remedy or other remedy that may be available to an employee for the conduct constituting a violation of this

Page 7 - OPINION AND ORDER

section." See also, Homi v. Ga. Pac., LLC, 2009 WL 1874204 (D. Or. June 25, 2009) (noting that Oregon courts have held that a wrongful discharge claim cannot be dismissed on the ground that an available statutory remedy exists unless the legislature intentionally abrogated the common law remedy, however, declined to rule on this issue). Conversely, Oregon courts have clearly held that common law remedies are not abrogated when statutes contain explicit language of intent not abrogate, like that found in Or. Rev. Stat. 659A.230.

## CONCLUSION

Defendant's motion for summary judgment (doc. 20) is denied. IT IS SO ORDERED.

Dated this 12 day of January 2010.

_____
Ann Aiken
United States District Judge

Page 8 - OPINION AND ORDER